UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD JAMES BARBIERI, et al.,

    Plaintiffs,

    v.

JAIME FIGUEROA, et al.,

    Defendants.
_____/

No. C 12-1043 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Pro se plaintiff Ronald James Barbieri filed this action on March 1, 2012, against defendants Jaime Figueroa, Susan Figueroa, Benjamin C. Graves, and the Law Offices of Benjamin C. Graves. Also named as a plaintiff in the complaint is Jeffrey-Thomas Smith.

    On March 23, 2012, defendants filed a motion to dismiss the complaint, or, in the alternative, a motion to remand all claims to the Superior Court of California, County of Sonoma. Plaintiffs did not file an opposition to the motion within the time required under the Civil Local Rules.

    The court has reviewed the complaint and the defendants' motion, and finds that the motion to dismiss must be GRANTED and the motion to remand must be DENIED.

    The complaint is dismissed because it is incomprehensible and unintelligible. The court finds that plaintiffs have failed to assert "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Federal Rule of Civil Procedure is appropriate because the indecipherable allegations of the complaint lack any cognizable legal theory or sufficient facts to support a cognizable legal theory. See <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

The motion to remand is DENIED. A case can be remanded to state court only if it was originally filed there, and was removed to federal court by the defendant. See 28 U.S.C. § 1447. As this case was originally filed in this court, there is no rule authorizing remand.

The dismissal is with leave to amend. No later than May 14, 2012, plaintiffs may file an amended complaint that comports with the requirements of the Federal Rules of Civil Procedure and the Civil Local Rules of this court. The amended complaint must allege a basis for jurisdiction in this court; must state facts supporting the elements of the causes of action; must allege cognizable causes of action, which must be set forth in separate paragraphs; must specify which causes of action are asserted against which defendants; and must be presented in the required format, as set forth in Civil Local Rule 3-4. The court will dismiss the case if an amended complaint is not filed by the May 14, 2012 deadline.

In addition, the court advises plaintiff Ronald James Barbieri that unless he is an attorney – which appears unlikely – he may not represent any one other than himself. Accordingly, if the other plaintiff named in the complaint intends to proceed in this case, his name must appear in the caption and he must sign any papers submitted to the court and served on defendants.

The May 2, 2012 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: April 12, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge